George Schmidt, Appellant, v. The Reader's Digest Association, Inc. et al., Appellees.

Gen. No. 45,866.

Opinion filed January 27, 1953. Released for publication February 26, 1953.

JAY E. DARLINGTON, of Hammond, Indiana, and JOHN R. JEFFERS, of Chicago, for appellant.

BELL, BOYD, MARSHALL & LLOYD, of Chicago, for appellees; THOMAS L. MARSHALL, and CHARLES T. MARTIN, both of Chicago, of counsel.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In this case the trial court entered an order sustaining a motion to quash the service of an alias summons on the defendant, The Reader's Digest Association, Inc., and dismissing the suit. The alias summons had been served on one Breiel, an employee of Reader's Digest International Editions, Inc. Defendant filed a special appearance and a motion supported by an affidavit, setting forth that defendant is not qualified and does not do business in Illinois; that Breiel, the person upon whom service was had, is not an agent of defendant upon whom process could be served; that the Reader's Digest International Editions, Inc., is a separate New York corporation, is not the agent of defendant, and is likewise not doing business in Illinois, and has not consented to be sued in this State; that Breiel is merely an advertising solicitor in the sole employ of Reader's Digest International Editions, Inc.

In support of this motion an affidavit of one Cole, secretary of defendant company, certified to the facts stated in the motion, together with certain other supporting facts: that Reader's Digest International Editions, Inc., is a wholly separate corporation whose capital stock is owned by defendant; that it sells advertising in the international editions of the publica-

253

tion; that no advertising is carried in the United States editions; that Breiel solicits advertising for Reader's Digest International Editions, Inc., and sends orders to the office of the corporation in New York for acceptance or rejection, and is in no sense an agent of defendant.

In due course and at the instance of defendant, the motion to quash the service came up for hearing. Shortly before the hearing, plaintiff filed a motion entitled, "Motion to Strike the Plea in Abatement," which recited at the outset that it was a motion to strike the so-called "motion" of defendant to "quash service of summons." The grounds set forth were:

1. That verification of the motion to quash contained no certificate that the notary public had authority to administer the oath as required by Illinois law;

2. That the motion to quash is not made in person by defendant but by counsel, and therefore constitutes a general appearance; and

3. That the plea is evasive and ambiguous in all its allegations and lacks the certainty required in a plea in abatement.

A hearing was had following presentation of this motion. The court requested the submission of briefs and took the matter under advisement. On February 26, 1952 he made his ruling, sustaining the motion to quash.

■■ The first point with respect to verification is a highly technical one. The point as stated by plaintiff is that the motion to quash is in the nature of a plea in abatement, which according to the pre-code practice, had to be verified, but, plaintiff argues, the verification is inadequate because the affidavit does not certify that the notary public had authority to administer the oath, as required by the Illinois law. Under the new Practice Act pleas in abatement have been

254

abolished, and now the question of jurisdiction of the person may be raised by a motion supported by affidavits. Sec. [par.] 6, ch. 101, Ill. Rev. Stat. (1874) [1951; Jones Ill. Stats. Ann. 107.304], provides that any oath made out of the State may be administered by any officer authorized by the laws of the State in which it is so administered, and if such officer have a seal, his certificate under his official seal shall be prima facie evidence of that authority. It appears that New York does not require notarial seals, and in lieu of a seal, defendant adopted the reasonable alternative of procuring a certificate of the county clerk, certifying that the notary was authorized to administer oaths in the State of New York. Plaintiff cites *Henning v. Libke*, 104 Ill. App. 303, in support of his point. In that case, a certificate of a clerk was presented to the court, but it did not state that the notary public was authorized to administer oaths. It was, of course, inadequate, and the court so held, but in its opinion, contributed some pure dicta to the effect that even if the clerk had certified to the notary's authority, it would not have availed appellant in that case because not authorized by the statute. It is desirable and important that this State should recognize the authority of New York notaries to administer oaths, even though they are not provided with the ancient paraphernalia of seals. Under such circumstances, the only way in which the authority can be established is by the certificate of the notary himself or by another official. The statute does not provide that a notary seal shall be the sole method of proving his authority. The county clerk's certificate is proper and sufficient to establish prima facie authority.

██ The next point, that the motion was not made in person by defendant but by counsel, seems to have been abandoned. This was a rule which applied to

255

pleas in abatement, but is no longer applicable to motions of this sort.

 Most of the argument on the third point, that the plea is evasive and lacks certainty, revolves around the averments in the affidavit that defendant was not qualified, maintained no office, and did no business in the State. It is urged that these are conclusions. However, the affidavit goes much further. It states the relationship of defendant corporation to the corporation served, the limited purposes of the served corporation, and the limited duties of the particular man served. These facts state a prima facie case for the motion to quash.

 The only point remaining is whether the court should have dismissed the case or permitted plaintiff to join issue on the facts. After the court had made his ruling on February 26, 1952 that he was going to sustain the motion to quash, plaintiff contended that the only question before the court was the motion to strike, and thereupon stated that he wanted an opportunity to take issue with defendant on the facts. Defendant's counsel contended that the hearing had was on its motion to quash the summons, and that the court should sustain that motion and dismiss the suit. The motion to strike, he contends, was no more than a statement of plaintiff's argument against the motion to quash. The trial court does not, however, seem to have so understood it for he said the motion to strike was good practice, and that plaintiff had properly presented such motion, but that it would have to be overruled and the motion to quash sustained. Thereupon, plaintiff's counsel renewed his request for an opportunity to meet the motion to quash on the merits thereof and asked the court to set a date for such hearing. The court said he knew of no rule of practice that would allow him to do that; that he had examined the affidavit; that it was good and that the acknowledgment was good; that if

plaintiff knew of any procedure by which he could give him a chance to prove that service was good, he would give him such a chance, but that he did not know of it. We cannot understand what procedural question troubled the court. There was no reason why he could not grant plaintiff's request. It is our conclusion that the court properly overruled the motion to strike the motion to quash, but should have allowed plaintiff to join issue with defendant on the facts.

The order is reversed and the cause remanded, with directions to allow plaintiff to join issue on the facts set forth in the motion to quash and supporting affidavit and to try the issue so made.

*Order reversed and cause remanded with directions.*

ROBSON, P. J. and TUOHY, J., concur.